THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MARK ADAMS, | ) | |
| Plaintiff, | ) | No. CV06-1274RSL |
| v. | ) | **_REVISED_** **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS AND INFORMATION** |
| THE HOME DEPOT, | ) | |
| Defendant. | ) | |

The parties to this action, Plaintiff and Defendant, through their respective counsel, and in response to this Court's August 7, 2007 letter, hereby stipulate to entry of this revised, mutual protective order regarding the use and confidentiality of documents, testimony, information and material produced in this litigation.

To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Civil Rule 26(c), and with the consent of the parties to this litigation, ORDERED:

1. <u>Confidential Information</u>.

The parties to this litigation may designate as "CONFIDENTIAL" any document, testimony, information or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs a, b, and c.

REVISED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS AND INFORMATION - 1

106666.0980/1410674.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Such designation shall subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement. The parties specifically agree that the following items, which have been identified at this time and are not exhaustive of potentially Confidential documents, shall be designated Confidential: (a) plaintiff's income tax returns; (b) employment files for or personal information regarding third parties; (c) company documents regarding counseling or termination of individuals other than plaintiffs; and (d) company operating procedures and policies, as well as statistics, lists and reports generated by Home Depot; and (e) plaintiff's medical records. All or any portion of any documents, transcripts, writings or recordings of any sort which substantially quote or paraphrase information regarding the Confidential document, testimony, information or material shall also be deemed Confidential and subject to the terms and condition of this Protective Order. The parties shall act in good faith and on a reasonable basis when designating material "CONFIDENTIAL."

    a. Any writing produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by any of the parties to this litigation by stamping the word "CONFIDENTIAL" on the face of the writing. Alternatively, a party may designate any writing as "CONFIDENTIAL" by identifying such document(s) by bates number and designating it/them as "CONFIDENTIAL" in a cover letter addressed to the opposing party(s)' counsel and accompanying the production of such document(s).

    b. Any party to this litigation may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation during the course of the deposition or at any time thereafter.

REVISED STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER RE
CONFIDENTIAL DOCUMENTS AND INFORMATION - 2
106666.0980/1410674.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

      c.    Any party to this litigation may designate specific responses to information requests, including requests for production responses and interrogatory answers, confidential by labeling the specific response "CONFIDENTIAL."

2. <u>Notice</u>.

Whenever a party intends to attach any document marked "CONFIDENTIAL" to any pleading or other paper filed with the Court, that party must provide sufficient notice of such intention to the designating party to allow the designating party time to make a motion to seal the pleadings or paper, including submitting the necessary declaration(s) and obtain an order permitting the document to be filed under seal. The parties shall meet and confer prior to filing a motion to seal.

3. <u>Access to Confidential Information.</u>

Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of a court of competent jurisdiction, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

      a.    the Court, including any Court personnel assisting the Court, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury;

      b.    Plaintiff, Defendant and their counsel of record and paralegal, clerical and secretarial employees of counsel of record;

      c.    the officers, directors or employees of a party participating in the prosecution, defense, settlement or other disposition of this action;

      d.    mediators, consultants, experts or litigation support services, including outside copying services, retained by a party for the purpose of

REVISED STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER RE
CONFIDENTIAL DOCUMENTS AND INFORMATION - 3

106666.0980/1410674.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

    assisting that party in this action provided such persons agree in writing to abide and be bound by the terms of this Order in the form attached hereto as Exhibit A;

 e. potential witnesses provided such persons agree in writing to abide and be bound by the terms of this Order in the form attached hereto as Exhibit A;

 f. any person who is an author, addressee, or recipient of, or who previously had access to, the Confidential Information;

 g. deposition witnesses who agree in writing to abide by and be bound by the terms of this Order in the form attached hereto as Exhibit A;

 h. any other person as to whom the party that designated the document or information as Confidential has consented to disclosure in advance; and

 i. any other person designated by the Court.

4. <u>Inadvertent or Late Disclosure</u>.

If any party inadvertently produces or initially discloses any Confidential Information without marking it with the appropriate legend, that party may give notice to the receiving party that the information should be treated in accordance with the terms of this Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of substitute copies, and upon request, the receiving party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality

5. <u>Copy and Storage of Confidential Information and Material</u>.

No party shall, for itself or for any person or persons acting on its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation. Except as otherwise provided for in this Confidentiality Agreement,

REVISED STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER RE
CONFIDENTIAL DOCUMENTS AND INFORMATION - 4

106666.0980/1410674.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

all "CONFIDENTIAL" information and material shall remain in possession of counsel for the respective parties or the parties themselves, and be stored in a secure place.

6. <u>Challenges to Confidential Designations</u>.

If any party to this litigation objects to the designation of any document, testimony, information or material as "CONFIDENTIAL," the party may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. The burden shall remain with the party seeking confidentiality to justify such designation. Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall be given the "CONFIDENTIAL" treatment initially assigned to it and as provided for in this Confidentiality Agreement.

7. <u>Procedures Upon Termination of Action</u>.

Within thirty (30) business days following any final settlement or the running of any applicable time to appeal the final order entered in this litigation, all parties shall either (i) return to the person who produced such materials all copies of all Confidential information obtained through discovery in this action or (ii) certify to that person that all such materials have been destroyed.

8. <u>Efforts by Non-Parties to Obtain Confidential Information</u>.

If any Party has obtained Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential Information, such Party shall promptly notify the producing party or non-party. The subpoenaed party shall not produce any Confidential Information in response to the subpoena without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction. The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

REVISED STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER RE
CONFIDENTIAL DOCUMENTS AND INFORMATION - 5

106666.0980/1410674.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

9. <u>Effect of Order</u>.

This Order shall not affect the right of any party or non-party to oppose production of Discovery Materials on any ground permitted by the Federal Civil Rules, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Civil Rules.

10. <u>Application to Court</u>.

This Order is without prejudice to the right of any interested party to apply to the court for an order permitting the disclosure of any Confidential information or to apply for an order modifying or limiting this Stipulation and Protective Order in any respect.

11. <u>Continuing Jurisdiction</u>.

All provisions of this Protective Order shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the parties or order of the court and the court shall retain jurisdiction of this matter for the purpose of enforcing this Protective Order.

12. <u>Court's Own Motion</u>.

The Court may change the terms of this Protective Order on its own motion after notice to the Parties and an opportunity to be heard.

SO ORDERED:

DATED this 9th day of August, 2007.

BY THE COURT:

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

REVISED STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER RE
CONFIDENTIAL DOCUMENTS AND INFORMATION - 6

106666.0980/1410674.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

| | |
|---|---|
| LANE POWELL PC | SCHROETER GOLDMARK & BENDER |
| By: /s/ Laura T. Morse<br>   D. Michael Reilly, WSBA #14674<br>   Laura T. Morse, WSBA #34532<br>Attorneys for Defendant | By: /s/ Rebecca J. Roe<br>   Rebecca J. Roe, WSBA #7560<br>Attorney for Plaintiff |
| Dated: August 7, 2007 | Dated: August 7, 2007 |

REVISED STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER RE
CONFIDENTIAL DOCUMENTS AND INFORMATION - 7

106666.0980/1410674.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107